FILED

NOV 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLINTONE WALKER,

Defendant - Appellant.

No. 10-30096

D.C. No. 3:09-cr-00027-TMB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted November 16, 2010[**]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Clintone Walker appeals from the six-month sentence imposed after the

district court found him in criminal contempt for failure to testify in a criminal

case, as ordered pursuant to 18 U.S.C. § 6002. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Walker contends the district court procedurally erred by failing to discuss the Sentencing Guidelines. The district court was not required to discuss the Sentencing Guidelines because the offense was a Class B misdemeanor and the Sentencing Guidelines do not apply to such misdemeanors. *See Taylor v. Hayes*, 418 U.S. 488, 495-96 (1974) (recognizing that contempt cases tried without a jury have a maximum sentence of six months); *see also* 18 U.S.C. § 3559(a)(7) (categorizing offenses with maximum sentences of six months as Class B misdemeanors); U.S.S.G. § 1B1.9 (providing that the Sentencing Guidelines do not apply to Class B misdemeanors).

Walker also contends that the district court procedurally erred by failing to consider and discuss the factors set forth in 18 U.S.C. § 3553(a). This contention fails. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("The district court need not tick off each of the § 3553(a) factors to show that it has considered them.").

Walker further argues that his sentence was excessive. The district court did not procedurally err and the sentence was not substantively unreasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Carty*, 520 F.3d at 991-93.

**AFFIRMED.**

10-30096